### IN THE

## SUPREME COURT

### OF THE

## STATE OF LOUISIANA.

WESTERN DISTRICT, OCTOBER TERM, 1827.

*HOLSTEIN* vs. *HENDERSON*.

APPEAL from the court of the sixth district.

PORTER, J. delivered the opinion of the court. The plaintiff states that she is the owner and proprietor of a certain tract of land lying in the parish of Rapides, on the bayou Cotile, containing ten arpents front, with the ordinary depth of forty. That heretofore, she instituted a suit against the defendant, in which she recovered fifty-seven arpents of land by the decree of the Supreme court, that quantity being supposed to be contained within the lines by which her title was limited, when, in fact, and in truth, there is contained, within said lines,

The authority to give more necessarily includes that of giving less. The inferior court must carry into effect the decree of the supreme court, as the former understands it. But the latter may interfere if its decree be misunderstood.

the quantity of 97 arpents and a fraction, actual survey, and for which surplus, above the quantity adjudicated to her, she is entitled to recover.

The defendant pleads *res judicata*, a better title to the premises, and lastly, that the supreme court, through error of computation, decreed to the plaintiff a larger quantity than she ought to have had.

The nature of the titles under which the parties claim, the situation of the land which was then, and is now, in dispute; the respective dignity of their titles, and the reasons why the court considered that of the defendants of a higher degree than the plaintiff's, are fully stated in the opinion pronounced when the case, to which this is in every respect similar, was before the court. It is reported 12 *Martin*, 319.

This action, as the recital of the principal averments in the petition has already shewn, is brought on the idea that the lines to which the plaintiff was limited by the decree of this court, contain 97 arpents and a fraction, when, through error, only 57 67-100 were adjudged to her.

The court have examined, with particular care, the judgment rendered by them in the

former suit, and they are unable to find the
slightest foundation on which this pretension
can rest.

From what was then stated, it appears that the contest between the parties, related to a narrow strip of land lying on the bayou Cotile, containing, according to the evidence then before the court, 279 73-100 arpents.

The court then said, "if it should turn out in the investigation, that the titles of plaintiff and defendant call for the same land, it is our opinion that the plaintiff cannot recover, for they are not merely equal in dignity; that of the defendant is superior."

With the opinion of the higher dignity of the defendant's claim, it is obvious that the plaintiff must totally have failed in that action, if the whole of the title of the former could have been legally located on the tract in dispute. But from the calls of that title, the court thought, and we still think correctly, that only one half of it could be satisfied on that side of the bayou, and this half not amounting to the whole of the superfices, on which both claimed to locate their claims; it followed that the balance belonged to the plaintiff.

This was not only the necessary result of

considering the defendant's title as the best, but it was almost the express language of the court; after stating its superiority, and defining its location, we proceeded to observe, "under this view of the rights of the defendant, *there will remain* within the limits of the tract of land already mentioned, 57 67-100 arpents of land to which, we conceive the plaintiff has exhibited title."

If, therefore, in any other part of the opinion, the court had been so unfortunate in the language adopted by it, as to have given limits to the plaintiff to claim more than the remainder which might exist within the limits already stated, those expressions would have been contradicted by the declaration of the higher dignity of the defendant's claim, by the expression of our opinion that it was to be first satisfied; that the plaintiff was only entitled to the residue; and lastly, by the decree itself, confining the plaintiff to that precise quantity, which had been already stated, remained, after the defendant's title *was* satisfied.

But not one word can we find, either in the opinion of the court, or in the decree rendered, which gives lines to the plaintiff's title which would include a greater quantity than that spe-

eified by the court. The opinion says nothing of it; the decree is in these terms, "that the plaintiff do recover of the defendant, 57 67-100 arpents of the land claimed in his petition, to be taken from the upper side of the tract of 279 73-100 arpents represented on the plot beginning at A on said survey, returned in the cause, and to be laid out so as to include the original settlement of Thomas Choate."

Most properly, therefore, did the defendant set up the plea of *res judicata*, to the pretension advanced in this suit. The rights of the parties to all the land lying between the lines of Vallery and Grubb's claims, were fully investigated in the former action; and if they were now before us on the merits, we see nothing which could give additional strength to the plaintiff's demand.

The defendant pleaded that the supreme court committed an error of computation in its first judgment, by giving the plaintiff a larger quantity of land than that which really belonged to him; and the court below, considering that the suit before it was to carry into effect the former decree of this court, corrected what it conceived to be an error in calculation, and directed the plaintiff to be put in possession of

Western Dis. a smaller portion than that specified in the judg-
October,1827.
ment of this tribunal.

HOLSTEIN
  *vs.*
HENDERSON.

The plaintiff has strongly complained of this, as, in effect, reversing the decision of this court, and making that below the controlling, instead of the subordinate tribunal. This complaint comes with a bad grace from him, as his own petitition, in substance, required the inferior court to alter the decree rendered by the tribunal. For if it could have given the plaintiff forty additional arpents of the same land, respecting which the parties once litigated, and judgment had been rendered, it is not easy to see why, on the same principle, it might not have reduced the quantity adjudged to him. The authority to give more, necessarily included that of giving less.

It is true, as the judge states, that when the decrees of this court go down to the inferior court to be carried into effect, their execution must be ordered as that tribunal understands them, subject, however, to our revision, if it does not interpret them correctly; and it is true that understanding must be gathered from the whole terms of the judgment. But he erred in supposing this was a suit to carry into effect the judgment of this tribunal. From the evidence

laid before us, it appears the decree of the su-
preme court rendered in the suit between these
parties in the year 1822, was carried into effect
in 1823; and that the land which the plaintiff
there recovered, had been measured and sur-
veyed for her.

And he erred in supposing this court com-
mitted any mistake in the calculation which it
made from the evidence before it. This error
is, however, more excusable, as it is one into
which the parties led him, by both contending
that such a mistake had been made. A con-
cession the more remarkable, as it is in direct
opposition to the evidence introduced in the
former cause, on which they suffered the court
to act without opposition, and after having act-
ed on it, acquiesced in its conclusions by failing
to make application for a re-hearing.

In the record of the suit formerly decided
here, is found a plot of survey made after no-
tice to the parties, and used by both of them on
the argument in this court. It is there stated,
that the quantity of land contained between the
lines of Grubb and Valery, is 279 73-100 ar-
pents. We committed, therefore, no error
when on that evidence, and it was the only evi-
dence before us as to the quantity, we came to

the conclusion that, after deducting 221 6-100 arpents from 279 73-100 arpents, there remained 57 67-100 arpents.

But it appears from the evidence adduced on the trial of this cause, that the quantity within these limits is only 240 48-100. If such be the fact, this evidence ought to have been produced in the other case, and in acting on this evidence, it is manifest the court below was not correcting errors of calculation into which this tribunal had fallen, but making deductions from the new proof before it.

Another question in the case, however, remains. The defendant contends that as the plaintiff has opened the judgment by bringing suit to have it altered, the whole matter is now before us on its merits, and should be decided on the additional evidence. That he waives the plea of *res judicata* in his answer, and that the court cannot supply it.

Admitting him to have a right to do so, this case does not authorise a judgment in reconvention. There is no such prayer in the answer. The demand is, not for a new judgment in this suit, but that an error in the former decree of the supreme court should be corrected. The error complained of could not furnish a

ground for a plea of nullity, and that cannot be done indirectly, which the law will not allow to be done directly.

Western Dis.
October, 1827.

HOLSTEIN
vs.
HENDERSON.

It is therefore, ordered, ajudged, and decreed, that the judgment of the district court, be annulled, avoided, and reversed; that there be judgment in favor of the defendant, with costs in the court below; those of appeal to be paid by the appellee.

*Thomas* for the plaintiff, *Wilson* for the defendant.